JS 44  (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| GRILLO, NATHAN EUGENE | MCGINLEY, SUPERINTENDENT, SCI COAL TOWNSHIP |

**(b)** County of Residence of First Listed Plaintiff   Northumberland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Northumberland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
THE O'HANLON LAW FIRM, P.C., 1500 J.F.K. Blvd., Suite 1410, 2 Penn Center, Philadelphia, PA 19102 - 267-546-9066

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

❏ 2  U.S. Government
       Defendant

❏ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane   ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product   Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | Liability   ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel &   Pharmaceutical | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| & Enforcement of Judgment | Slander   Personal Injury | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'   Product Liability | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted | Liability   ❏ 368 Asbestos Personal | | New Drug Application | ❏ 470 Racketeer Influenced and |
| Student Loans | ❏ 340 Marine   Injury Product | | ❏ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ❏ 345 Marine Product   Liability | | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | **LABOR** | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer |
| of Veteran's Benefits | ❏ 350 Motor Vehicle   ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 862 Black Lung (923) | Protection Act |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle   ❏ 371 Truth in Lending | Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | Product Liability   ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 864 SSID Title XVI | ❏ 850 Securities/Commodities/ |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal   Property Damage | Relations | ❏ 865 RSI (405(g)) | Exchange |
| ❏ 196 Franchise | Injury   ❏ 385 Property Damage | ❏ 740 Railway Labor Act | | ❏ 890 Other Statutory Actions |
| | ❏ 362 Personal Injury -   Product Liability | ❏ 751 Family and Medical | | ❏ 891 Agricultural Acts |
| | Medical Malpractice | Leave Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 895 Freedom of Information |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights   **Habeas Corpus:** | ❏ 791 Employee Retirement | or Defendant) | Act |
| ❏ 220 Foreclosure | ❏ 441 Voting   ❏ 463 Alien Detainee | Income Security Act | ❏ 871 IRS—Third Party | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment   ❏ 510 Motions to Vacate | | 26 USC 7609 | ❏ 899 Administrative Procedure |
| ❏ 240 Torts to Land | ❏ 443 Housing/   Sentence | | | Act/Review or Appeal of |
| ❏ 245 Tort Product Liability | Accommodations   ❏ 530 General | | | Agency Decision |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities -   ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of |
| | Employment   **Other:** | ❏ 462 Naturalization Application | | State Statutes |
| | ❏ 446 Amer. w/Disabilities -   ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other   ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education   ❏ 555 Prison Condition | | | |
| | ❏ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

❏ 2 Removed from
     State Court

❏ 3 Remanded from
     Appellate Court

❏ 4 Reinstated or
     Reopened

❏ 5 Transferred from
     Another District
     *(specify)*

❏ 6 Multidistrict
     Litigation -
     Transfer

❏ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Plaintiff was denied his constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
Stephen T. O'Hanlon, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN EUGENE GRILLO          :
SCI Coal Township             :
1 Kelley Drive                :
Coal Township, PA 17866       :
                              :
        vs.                   :
                              :
SUPERINTENDENT MCGINLEY       :   Civil Action No.
SCI Coal Township             :
1 Kelley Drive                :
Coal Township, PA 17866       :
        and                   :   JURY TRIAL
DEPUTY SUPERINTENDENT LUSKAVAGE :  DEMANDED
SCI Coal Township             :
1 Kelley Drive                :
Coal Township, PA 17866       :
        and                   :
SECURITY CAPTAIN MIRARCHI     :
SCI Coal Township             :
1 Kelley Drive                :
Coal Township, PA 17866       :
        and                   :
SECURITY LIEUTENANT BURNS     :
SCI Coal Township             :
1 Kelley Drive                :
Coal Township, PA 17866       :
        and                   :
CORRECTIONAL OFFICERS JOHN DOES 1-5 :
SCI Coal Township             :
1 Kelley Drive                :
Coal Township, PA 17866       :

**COMPLAINT**

**Jurisdiction**

1.  This action is brought pursuant to 42 U.S.C. §

1983.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1),(3),(4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

## Parties

2.  Plaintiff, Nathan Eugene Grillo, is an adult individual residing in Commonwealth of Pennsylvania at the address aforementioned.

3. Defendant, Superintendent McGinley, at all times relevant hereto, was the superintendent of the State Correctional Institution (SCI) at Coal Township.  At all relevant times hereto, he was legally responsible for the operation of SCI Coal Township and further was responsible for the welfare of all the inmates of SCI prison.  He was also responsible for the supervision, training and discipline of the Defendant, Deputy Superintendent Luskavage, Defendant, Security Captain Mirarchi, and Defendant, Security Lieutenant Burns.  He is being sued in his individual capacity.

4.  Defendant, Deputy Superintendent Luskavage, at

all times relevant hereto, was employed at SCI Coal
Township and is legally responsible for the welfare of
all inmates at SCI Coal Township.  Further he was
responsible for the supervision, training and
discipline of Defendant, Security Captain Mirarchi, and
Defendant, Security Lieutenant Burns.  He is being sued
in his individual capacity.

5.  Defendant, Security Captain Mirarchi, at all
times relevant hereto, was an employee of SCI Coal
Township and is legally responsible for the welfare of
all inmates at SCI Coal Township including the welfare
of Plaintiff, Nathan Eugene Grillo.  Further he was
responsible for the supervision, training and
discipline of Defendant, Security Lieutenant Burns.  He
is being sued in his individual capacity.

6.  Defendant, Security Lieutenant Burns, at all
times relevant hereto, was an employee at SCI Coal
Township and, among other duties, is legally
responsible for the welfare of all inmates at SCI Coal
Township including the welfare of Plaintiff, Nathan
Eugene Grillo.  He is being sued in his individual

3

capacity.

7.   Defendants, Correctional Officers John Does 1-
5, were all employees at SCI Coal Township and, among
other duties, were legally responsible for the welfare
of all inmates at SCI Coal Township including the
welfare of Plaintiff, Nathan Eugene Grillo.  They are
being sued in their individual capacity.

## Factual Allegations

8.   At all times relevant hereto, Plaintiff, Nathan
Grillo, was an inmate at Pennsylvania State
Correctional Institution Coal Township.

9.   Sometime after entering the facility at SCI
Coal Township, Plaintiff came into a substantial sum of
money and had that money placed in his inmate bank
account.

10.  The financial information contained in all
inmate bank accounts is to be kept confidential and the
details of an inmate's bank account should only be
shared with that particular inmate.

11.  In fact the inmate bank account statement
should be delivered personally to the inmate and the

4

information contained therein should not be shared with
any other individual.

12.  Sometime approximately September 2017 a
correctional officer at SCI Coal Township, instead of
personally delivering Plaintiff's inmate statement to
him, slid it under the door of Plaintiff's cell, in
full view of Plaintiff's cellmate.

13.  Plaintiff's cellmate at that time was a member
of a gang known as the "Bloods."

14.  Plaintiff has never and does not now have any
gang affiliation.

15.  Defendant's cellmate was, therefore, presented
with Plaintiff's inmate account statement and became
aware that Plaintiff had a substantial sum of money in
his inmate account.

16.  Shortly thereafter, within weeks, Plaintiff
began receiving threats and extortion attempts.  More
specifically, he was threatened with serious physical
injury and/or death by other inmates if Plaintiff did
not pay them cash from his inmate account.  Plaintiff
became aware of a specific extortion threat from an

5

inmate named Brandon Heaps, who at all times relevant
hereto, was also an inmate at SCI Coal Township, housed
on FA Block, the same block as Plaintiff.

17.  Plaintiff fearing for the serious threat to his
safety and security sent a request slip directly to
Superintendent McGinley advising him of a specific
threat of harm to him from another inmate.

18.  Superintendent McGinley, with deliberate
indifference to a known serious risk of harm to the
Plaintiff, instead of taking any action advised
Plaintiff that he needed to advise Deputy
Superintendent Luskavage of the threat made by the
other inmate.  Superintendent McGinley failed to
investigate and took no other action to provide for the
safety of the Plaintiff.

19.  Plaintiff directly wrote to Deputy
Superintendent Luskavage and gave him specific
information concerning this threat to his life which
had been made by another inmate on the same block.
Deputy Luskavage, with deliberate indifference to the
health, safety and welfare of Plaintiff, told the

6

Plaintiff that he would need to write to Security
Captain Mirarchi.  Defendant Luskavage failed to
investigate and took no action to provide for the
safety of Plaintiff.

20.  Plaintiff then wrote to Security Captain
Mirarchi, once again, explicitly providing information
about a serious threat to his health and safety which
had been made by another inmate.

21.  Security Captain Mirarchi told Plaintiff that
he would do nothing about his concerns and instructed
Plaintiff that he needed to contact Security Lieutenant
Burns.  Security Captain Mirarchi, with deliberate
indifference to a known serious risk of harm to
Plaintiff's health, safety and welfare, took no action
to either investigate Plaintiff's claims or to provide
any additional protection to the Plaintiff.

22.  Plaintiff thereafter wrote specifically to
Security Lieutenant Burns giving him specific
information concerning the threat to his health, safety
and welfare which had been made by another inmate.

23.  Defendant, Security Lieutenant Burns, wrote

7

back to Plaintiff stating that Plaintiff's concerns had
been "noted." Upon information and belief, Defendant,
Security Lieutenant Burns, took absolutely no action in
response to Plaintiff's report of a threat to his
health, safety and welfare and, with deliberate
indifference to this known serious risk to Plaintiff's
health and welfare did not investigate Plaintiff's
information and took no steps whatsoever to protect
Plaintiff from the threat of serious physical harm.

24. Between the time period between September 2017
and May of 2018 Plaintiff also explicitly reported his
concerns to Defendant Correctional Officers John Does
1-5. More specifically, Plaintiff specifically told
the John Doe Defendants that he had received direct
threats to his life from an inmate named Brandon Heaps.
None of the Defendant Correctional Officers John Does
1-5 took any steps to investigate Plaintiff's concerns
nor did they take any action to provide for the safety
of the Plaintiff.

25. Approximately two weeks after Plaintiff had
advised Lieutenant Burns that his life was in danger

8

from inmate Heaps, Plaintiff was attacked by inmate Heaps as he was walking in from the exercise yard. More specifically, on May 26, 2018 Plaintiff was attacked by inmate Heaps with what is believed to be a homemade knife.  Inmate Heaps had been caught with contraband weapons in the past.

26.  Plaintiff, bleeding profusely from his neck, was taken to medical.  Plaintiff was initially only examined and then placed in a cell.  Approximately three hours later a nurse stopped by his cell and saw the floor covered in blood.  The nurse called the doctor.  The doctor arrived and tried to stitch Plaintiff's wounds but could see that the wounds were so severe that Plaintiff needed to be taken by ambulance to the hospital.

27.  On the day that Plaintiff was attacked, as described herein before, Defendant Mirarchi and Defendant Burns, with deliberate indifference to a known serious risk of harm to the Plaintiff, ordered that the metal detectors which were to be used to screen inmates going into and out of the yard not be

used.   Their order to not use the metal detectors despite being aware of the serious risk of harm this could cause to Plaintiff.

28.   All of the Defendants herein disregarded a risk of excessive and substantial risk of serious harm to the Plaintiff.

29.   None of the Defendant prison officials herein responded reasonably to the risk.

30.   The Defendant prison officials herein failed to follow their own rules, regulations or policies concerning protection of prisoners.

31.   All of the Defendant prison officials named herein failed to respond to a particular threat of danger to the Plaintiff.

32.   None of the prison officials herein conducted any investigation into the information provided by the Plaintiff to them about the threats to his health and welfare.

## FIRST CAUSE OF ACTION
## EIGHTH AMENDMENT VIOLATION

33.   Plaintiff incorporates paragraphs 1 through 32 herein by reference as though each were fully set forth herein at length.

34.   The actions of Defendant, Superintendent McGinley, Defendant, Deputy Superintendent Luskavage, Defendant, Security Captain Mirarchi, and Defendant, Security Lieutenant Burns by failing to:

(a)   respond to a particular threat of danger to Plaintiff,

(b)   investigate the information provided to them by the Plaintiff about the threats of inmate Heaps to his safety, health and well-being;

(c)   follow the Pennsylvania Department of Corrections' rules, regulations or policies concerning the protection of prisoners; and

(d)   take steps to protect Plaintiff from the threat of serious physical harm;

11

were intentional acts with no rational basis for such treatment on the part of each Defendant and was done with deliberate indifference for the health, safety and well-being of Plaintiff and caused Plaintiff severe pain, suffering, physical injury and emotional distress and violated Plaintiff's rights under the Eighth Amendment.

35.   The conduct of Defendant, Superintendent McGinley, Defendant, Deputy Superintendent Luskavage, Defendant, Security Captain Mirarchi, and Defendant, Security Lieutenant Burns, committed under the color of state law, constituted deliberate indifference to the Plaintiff's health, safety and well-being and contributed to and proximately caused the above described violation of Plaintiff's Eighth Amendment rights and the assault and battery upon Plaintiff by an inmate.  As a result, Plaintiff, Nathan Grillo, suffered extreme pain, physical injury and emotional distress in violation of his rights under the laws of the Constitution of the United States, in particular the Eighth Amendment thereof, and 42 U.S.C. § 1983.

36.   The failure of Defendants to take the threats of serious physical injury or death made by inmate Heaps to the Plaintiff seriously and/or take any action to protect the Plaintiff, despite having a reasonable opportunity to do so, constitutes deliberate indifference to the Plaintiff's safety, health and well-being and contributed to and proximately caused the above described violation of Plaintiff's Eighth Amendment rights.

37.   Defendants have by the above described actions deprived Plaintiff Nathan Grillo of rights secured by the Eighth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, Nathan Eugene Grillo, requests the following relief:

       a.   Compensatory damages;

       b.   Punitive damages;

       c.   Reasonable attorney's fees and costs;

       d.   Such other and further relief as appears reasonable and just; and

       e.   A jury trial as to each Defendant and as

to each count.


**The O'Hanlon Law Firm, P.C.**


By: _____
STEPHEN T. O'HANLON, ESQUIRE
Attorney ID No.: PA 208428
THE O'HANLON LAW FIRM, P.C.
2 Penn Center, Suite 1410
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(267) 546-9066 - phone
(215) 567-1998 - fax
E-Mail: STEVE@OHANLONLAWFIRM.COM

Counsel for Plaintiff


**PATRICK G. GECKLE, LLC**


By: /s/Patrick G. Geckle_____
Patrick G. Geckle
Attorney ID No. PA 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 689-2803 - fax
pgeckle@pgglaw.com - Email

Counsel for Plaintiff

14